# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JEANETTE W. MOSS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-3254 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Jeanette W. Moss has filed a Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412 [Doc. # 15]. According to the Certificate of Conference, Defendant does not oppose the motion. Having considered the motion and supporting documentation, the applicable legal authorities, and all matters of record, the Court concludes that Plaintiff's request for fees should be **granted**.

On September 30, 2011, this Court entered a Memorandum and Order [Doc. # 13] granting in part Plaintiff's motion for summary judgment and remanding the case to the Commissioner for further proceedings. Plaintiff's counsel now seeks $6,473.38 in attorneys' fees for his representation of Plaintiff in this Court. This total amount

includes 37.25 hours of attorney time, compensated at $166.98 per hour for time expended in 2010 and at $176.41 per hour for time expended in 2011 and 2012.[1] Plaintiff makes no request for costs.

The Equal Access to Justice Act ("EAJA") provides for attorneys' fees in certain successful actions brought against the United States:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[2]

An award of fees therefore is mandated if (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) no special

---

[1] Counsel's requested rate is calculated by adjusting the base hourly rate of $125 (set in March 1996) for cost-of-living increases. Motion, at 2-4. Counsel requests compensation for 2010 at $166.86 per hour (10.25 hours x $166.86 = $1,710.31), despite his calculations in a footnote that the applicable rate is $170.08. *Id*. at 3 & n.3. The Court will use the amount requested by counsel, although he apparently was entitled to a higher rate. For time expended in 2011, the text of Plaintiff's motion states that counsel is requesting compensation at $170.08 per hour, whereas the calculations in the footnote state that the proper rate is $176.41 per hour. *Id*. at 4 & n.4. The requested compensation for 2011 is calculated by using the higher rate listed in the footnote, not the lower rate listed in the text (27 hours x $176.41 = $4,763.07). Again, the Court will use the amount requested by counsel.

[2] 28 U.S.C. § 2412(d)(1)(A).

circumstances make an award unjust.[3]

In this case, Plaintiff was the prevailing party before this Court. Defendant does not oppose the request for fees, nor argue that its position was "substantially justified" or that special circumstances militate against an award of fees. The Court concludes that an award of fees to Plaintiff's counsel is appropriate under EAJA.

The Court next must address whether the amount of time billed by Plaintiff's counsel is excessive. An award of attorney's fees under EAJA must be reasonable.[4] When determining the reasonableness of a fee request, the Court applies the factors articulated in *Johnson v. Georgia Highway Express, Inc*.[5] The twelve factors are:

1. the time and labor required;

2. the novelty and difficulty of the questions;

3. the skill requisite to perform the legal service properly;

4. the preclusion of other employment by the attorney due to acceptance of the case;

5. the customary fee;

6. whether the fee is fixed or contingent;

---

[3] *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001) (citing *Commissioner v. Jean*, 496 U.S. 154, 158 (1990)).

[4] 28 U.S.C. § 2412(b); *Sanders v. Barnhart*, 2005 WL 2285403, *2 (5th Cir. 2005).

[5] *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974). *See Armstrong v. Astrue*, 305 F. App'x 244, 245 n. 1 (5th Cir. 2008) (*Johnson* factors are relevant to calculation of EAJA fee awards).

    7.    time limitations imposed by the client or the circumstances;

    8.    the amount involved and the results obtained;

    9.    the experience, reputation, and ability of the attorneys;

    10.    the "undesirability" of the case;

    11.    the nature and length of the professional relationship with the client; and,

    12.    awards in similar cases.[6]

The Fifth Circuit has held that a district court need not examine each of the factors independently "if it is apparent that the court has arrived at a just compensation based upon appropriate standards."[7]

Plaintiff's counsel requests compensation for 37.25 hours of attorney time. The Court finds that this amount of time is reasonable given the nature of the case, the issues raised, and the result achieved.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's unopposed Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412 [Doc. # 15] is **GRANTED**. **Plaintiff is awarded $6.473.38 in attorneys' fees.** It is further

**ORDERED** that within sixty (60) days of the entry of this Memorandum and

---

[6]    *Johnson*, 488 F.2d at 717-19.

[7]    *Sanders*, 2005 WL 2285403 at *2 (citing *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir. 1987)).

Order, the Commissioner is to pay Jeanette W. Moss $6,473.38 as reasonable and necessary attorneys' fees incurred on behalf of Plaintiff in this matter.

SIGNED at Houston, Texas, this **24th** day of **January, 2012**.

Nancy F. Atlas
United States District Judge